**G. WARREN BLEEKER, CA Bar No. 210834**
wbleeker@lrrc.com
**LEWIS ROCA ROTHGERBER CHRISTIE LLP**
**655 N. Central Avenue, Suite 2300**
**Glendale, CA 91203-1445**
Telephone: (626) 795-9900
Facsimile: (626) 577-8800

Attorneys for Plaintiffs
KATHERINE WOODWARD THOMAS, LLC
and KATHERINE WOODWARD THOMAS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KATHERINE WOODWARD THOMAS, LLC, a California Limited Liability Company; and KATHERINE WOODWARD THOMAS, an individual residing in California,<br><br>Plaintiffs,<br><br>vs.<br><br>THE MEDIATION AND FAMILY COUNSELING GROUP, LLC, a New York Limited Liability Company; DONALD JOSEPH DESROCHES, an individual residing in New York; and DANA MARIE GRECO, an individual residing in New York,<br><br>Defendants. | Case No. 2:17-cv-09240<br><br>**COMPLAINT FOR FALSE DESIGNATION OF ORIGIN UNDER SECTION 43 OF THE LANHAM ACT, 15 U.S.C. § 1125(a)**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Katherine Woodward Thomas, LLC ("Plaintiff KWT LLC"), and Katherine Woodward Thomas ("KWT"), an individual, (collectively "Plaintiffs") by and through their attorneys, assert this Complaint against Defendants The Mediation and Family Counseling Group, LLC ("MFCG"), Donald Joseph Desroches ("Desroches"), and Dana Marie Greco ("Greco") (collectively, "Defendants") as set forth below:

-1-

103115833_2

## THE PARTIES

1. Plaintiff KWT LLC is a California Limited Liability Company with its principal place of business in Los Angeles, California.

2. Plaintiff Katherine Woodward Thomas is an individual who resides in Los Angeles County, California.

3. On information and belief, Defendant MFCG is a New York Limited Liability Company with its principal place of business in New York.

4. On information and belief, Defendant Desroches is an individual who resides in New York.

5. On information and belief, Defendant Greco is an individual who resides in New York.

## JURISDICTION AND VENUE

6. This is an action for false designation of origin under Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

7. This Court has jurisdiction over the subject matter of this lawsuit pursuant to, at least, 28 U.S.C. §§ 1331, 1332, and 1338(a). Plaintiffs claim damages in excess of $75,000 exclusive of interest and costs.

8. It is proper for this Court to exercise personal jurisdiction over the Defendants. This action arises out of the transaction of business and other activities by Defendants, including offers for sale of infringing products and services, within the Central District of California, and actual harm to Plaintiffs sustained in this judicial district resulting from Defendants' unlawful conduct as alleged below, directed towards California residents. Defendants offer their goods and services for sale in commerce in connection with the infringing CONSCIOUS COUPLING Mark to customers in this District, including for example, by the offer for sale and sale of a book in this District and throughout the United States, titled "Conscious Coupling." Attached as Exhibit D is a copy of a representative offer for sale on Defendants' interactive website, which

-2-

includes a "BUY NOW" button, which allows customers, including customers residing in this District, to purchase the infringing book in this District directly from Defendants' website. Plaintiffs allege, on information and belief, that Defendants regularly conduct and solicit business within this District, and derive revenue here from doing so. Moreover, a substantial part of the events or omissions giving rise to the claims is occurring and has occurred in this district. Venue is proper under 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

9. Katherine Woodward Thomas is a marriage and family therapist. She is author of the book *Conscious Uncoupling* which has appeared on the *New York Times* best seller list. KWT has appeared on national television, including the including the *Today Show* and has been interviewed by Maria Shriver about the *Conscious Uncoupling* book and her training course by the same name.

10. KWT has authored and teaches the CONSCIOUS UNCOUPLING course designed to help individuals and couples attain an amicable divorce. CONSCIOUS UNCOUPLING is a brand name developed to coach couples and individuals on how to go through an amicable divorce, and to certify other professionals how to coach their own clients through an amicable divorce. KWT first taught the Conscious Uncoupling Course at least as early as December 2011.

11. KWT also teaches a certification course for marriage and family therapists, attorneys, coaches, clergy and mediators to become Certified Conscious Uncoupling Coaches ("the Coaches"). Hundreds of individuals are now licensed to use the CONSCIOUS UNCOUPLING logo and CONSCIOUS UNCOUPLING designation. The Coaches use the designation CERTIFIED CONSCIOUS UNCOUPLING COACH pursuant to a written license agreement to work with individual clients to bring about an amicable divorce.

-3-

12. KWT also writes a blog in connection with the CONSCIOUS UNCOUPLING mark that contains information on love, romance, and intrafamily relationships and divorce.

13. KWT has received accolades and positive reviews from numerous others, including Marianne Williamson, John Gray, Gabrielle Bernstein, and Alanis Morissette, to name a few. For example, goop.com, a website launched by Gwyneth Paltrow, has recognized that the term "Conscious Uncoupling" was "[o]riginally coined and taught by the brilliant marriage and family therapist Katherine Woodward Thomas" and that while Katherine Woodward Thomas and her "Conscious Uncoupling" teaching had previously "inspired and influenced a community of counselors," in 2014, goop.com and Gwyneth Paltrow brought even more notoriety to Katherine Woodward Thomas' work. *See* Exh. E.

14. The CONSCIOUS UNCOUPLING Mark is inherently distinct and is a strong mark. Use of the word "uncoupling" or "coupling" when dealing with family matters, is usually in the from of a *noun, i.e. a couple*. "Coupling" and "uncoupling" are verbs, and are unlikely and little used synonyms for the acts of either marrying or divorcing, at least prior to Plaintiff's use. The adjective "conscious" means "aware" or "perceiving" what is going on. Another word might be "mindful." When one puts the two words together, *i.e.,* "Conscious" together with a previously *uncommon* synonym for marriage or divorce, the combination is strong and protectable.

15. Plaintiffs' use of the CONSCIOUS UNCOUPLING Mark in advertisements for its goods and services has been widespread and with a sufficient clarity and repetition to reach a substantial portion of the public who might be expected to purchase Plaintiffs' goods and services associated with the CONSCIOUS UNCOUPLING Mark over a long period of time, and by virtue of the quality of goods and services sold in connection with the CONSCIOUS UNCOUPLING Mark, Plaintiffs have acquired valuable goodwill and reputation

-4-

in the United States in connection with the CONSCIOUS UNCOUPLING Mark as identifying Plaintiffs as the source of goods and services sold under or bearing the mark.

16. Plaintiff KWT LLC is the owner by assignment of United States Trademark Application Serial No. 86/592,983 for CONSCIOUS UNCOUPLING in International Classes 041 (the "'983 application"). This application includes the following goods and services: EDUCATION IN THE FIELDS OF PERSONAL GROWTH AND PERSONAL TRANSFORMATION RENDERED THROUGH CORRESPONDENCE COURSES; EDUCATIONAL SERVICES, NAMELY, CONDUCTING TELE-SEMINARS, AND WEBINARS IN THE FIELDS OF PERSONAL GROWTH AND PERSONAL TRANSFORMATION AND DISTRIBUTION OF TRAINING MATERIALS IN CONNECTION THEREWITH. This application has a filing date of April 9, 2015. Attached as Exhibit A is a copy of the TESS printout of the '983 application.

17. Plaintiff KWT LLC is the owner by assignment of United States Trademark Application Serial No. 86/733,345 for CONSCIOUS UNCOUPLING in International Classes 009 (the "'345 application"). This application includes the following goods and services: DOWNLOADABLE AUDIO RECORDINGS, MULTIMEDIA FILES, TEXT FILES, WRITTEN DOCUMENTS, WEBINARS, AND AUDIO BOOKS IN THE FIELD OF PERSONAL GROWTH AND PERSONAL TRANSFORMATION. This application has a filing date of August 21, 2015. Attached as Exhibit B is a copy of the TESS printout of the '345 application.

18. Since at least November 2011, Plaintiffs have continuously and extensively used the CONSCIOUS UNCOUPLING mark in interstate commerce in connection with the advertising of sale of its goods and services throughout the United States related to the goods and services described above.

103115833_2

19.  On information and belief, Defendants Desroches and Greco are the owners of United States Trademark Application Serial No. 86/355,778 for CONSCIOUS COUPLING ("the "CONSCIOUS COUPLING Mark" or the "Infringing Mark") in International Classes 045 (the "'Infringing Application"). The Infringing Application has a filing date of August 2, 2014. The stated date of first use of the Infringing Mark is June, 2014 and the stated first use in interstate commerce is July, 2014. Attached as Exhibit C is a copy of the TESS printout of the Infringing Application.

20.  Defendants offer their goods and services under the infringing CONSCIOUS COUPLING Mark, to customers in this District, including for example, by the offer for sale and sale of a book in this District and throughout the United States, titled "Conscious Coupling." Attached as Exhibit D is a copy of a representative offer for sale on Defendants' interactive website, which includes a "BUY NOW" button, which allows users to purchase the infringing book directly from Defendants' website.

21.  The CONSCIOUS COUPLING Mark is almost identical to Plaintiffs' CONSCIOUS UNCOUPLING Mark.

22.  The CONSCIOUS COUPLING Mark is likely to cause confusion with Plaintiffs' CONSCIOUS UNCOUPLING Mark.

23.  Defendants' use of the CONSCIOUS COUPLING Mark is likely to cause confusion among consumers and the trade as to the origin of the goods and services provided under the CONSCIOUS UNCOUPLING Mark.

24.  The CONSCIOUS COUPLING Mark and the CONSCIOUS UNCOUPLING Mark are similar and create the same commercial impression. Save for the addition of the prefix "un" to the word coupling the marks are the same. The import of the word "conscious" is identical in both marks. The only real difference is that Defendants' mark implies the act of "uncoupling" or "breaking up" while Plaintiffs' mark focuses upon the coming together in

relationship. To the casual observer, the distinction is minimal and the marks when viewed in their entireties create the same overall commercial impression.

25. The services of Plaintiffs and Defendants are identical and closely related. Defendants' services deal with *inter alia* "Consulting in the field of personal relationships; Counseling in the field of developing, strengthening and sustaining well-balanced families and family relationships; Information in the field of parenting concerning intrafamily relationships; Online information services in the field of intrafamily relationships as they relate to divorce." Plaintiffs' services include coaching and providing a Conscious Uncoupling Course for individuals which pertains to divorce and is inclusive of counseling by the coaches in the field of developing, strengthening and sustaining well-balanced families and family relationships. Whether maintaining a marriage, or dissolving one, parenting and intrafamily relationships remain an issue. The services claimed by Defendants are identical to those offered by Plaintiffs and KWT's certified coaches. Thus, the subject matter is identical.

26. On information and belief, that Defendants' actions are willful, and that Defendants intend to trade on Plaintiffs' notoriety and goodwill and to cause consumer confusion.

27. Plaintiffs allege, and Defendants Desroches and Greco previously did not contest, and therefore effectively admitted in a related proceeding in the Trademark Trial and Appeal Board, that:

    a. The CONSCIOUS UNCOUPLING Mark is distinctive when applied to educational services, namely conducting tele-seminars and webinars in the fields of personal growth and personal transformation.

    b. Plaintiff Katherine Woodward Thomas used the mark CONSCIOUS UNCOUPLING prior to any use of CONSCIOUS COUPLING by Desroches or Greco.

-7-

103115833_2

c. CONSCIOUS COUPLING as applied to consulting in the field of personal relationships is confusingly similar to CONSCIOUS UNCOUPLING for consulting in the field of personal relationships.

d. CONSCIOUS COUPLING as applied to counseling in the field of developing, strengthening and sustaining well-balanced families and family relationship is confusingly similar to CONSCIOUS UNCOUPLING as applied to counseling in the field of developing, strengthening and sustaining well-balanced families and family relationships.

e. CONSCIOUS COUPLING as applied to Information in the field of parenting concerning intra family relationships is confusingly similar to CONSCIOUS UNCOUPLING as applied to Information in the field of parenting concerning intra family relationships.

f. CONSCIOUS COUPLING as applied to online information services in the field of intra family relationships as they relate to divorce is confusingly similar to CONSCIOUS UNCOUPLING for online information services in the field of intra family relationships as they relate to divorce.

g. CONSCIOUS COUPLING as applied to providing a motivational website the primary mission of which is to increase personal happiness in terms of personal relationships, personal growth and motivation, and self-fulfillment is confusingly similar to CONSCIOUS UNCOUPLING for providing a motivational website which helps to increase personal happiness in terms of personal relationships, personal growth and motivation, and self-fulfillment.

-8-

103115833_2

h. CONSCIOUS COUPLING as used in connection with a web site featuring information in the fields of personal relationships, dating and fashion is confusingly similar to CONSCIOUS UNCOUPLING for a web site featuring information in the fields of personal relationships, dating and fashion.

i. CONSCIOUS COUPLING as applied to providing a web site featuring information in the fields of personal relationships, personal growth and motivation, and self-fulfillment is confusingly similar to CONSCIOUS UNCOUPLING for a web site featuring information in the fields of personal relationships, personal growth and motivation, and self-fulfillment.

j. CONSCIOUS COUPLING as applied to providing a web site featuring information on love, romance and interpersonal relationships is confusingly similar to CONSCIOUS UNCOUPLING for providing a web site featuring information on love, romance and interpersonal relationships.

## COUNT I

**(False Designation of Origin Under the Lanham Act 15 U.S.C. § 1125(a))**

**(Asserted by Plaintiffs Against All Defendants)**

28. Plaintiffs repeat and reallege the allegations of paragraphs 9-27 of the Complaint as if fully set forth here.

29. Defendants' use of CONSCIOUS COUPLING constitutes false designation of origin in violation of 15 U.S.C. § 1125(a). Defendants have used, and are using their CONSCIOUS COUPLING mark which is confusingly similar to Plaintiffs' CONSCIOUS UNCOUPLING Mark in a way that is likely to cause confusion, mistake and deception among the public and the trade, who will be led

-9-

103115833_2

to believe erroneously that Defendants' goods and services sold and provided under the CONSCIOUS COUPLING Mark are approved of, produced, provided by, or otherwise affiliated or associated with Plaintiffs.

30. Plaintiffs allege, on information and belief, that in selecting and continuing to use the CONSCIOUS COUPLING Mark, Defendants intended and intend to trade on Plaintiffs' goodwill and reputation.

31. On information and belief, Plaintiffs have been damaged by Defendants' actions in an amount that exceeds $75,000.

32. Plaintiffs have no speedy remedy or adequate remedy at law. By misappropriating the CONSCIOUS UNCOUPLING Mark, Defendants have injured and are likely to continue to injure Plaintiffs' business reputation, and Plaintiffs are entitled to preliminary and permanent injunctive relief to prevent future harm.

33. This is an exceptional case, entitling Plaintiffs to an award of costs including attorneys' fees under 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for:

1. Judgment in favor of Plaintiffs on its cause of action for false designation of origin, including judgment that Plaintiffs own nationwide trademark rights for CONSCIOUS UNCOUPLING, that Plaintiffs have trademark priority for CONSCIOUS UNCOUPLING as related to Defendants, and that there is a likelihood of confusion regarding Plaintiffs' use of CONSCIOUS UNCOUPLING and Defendants' use of CONSCIOUS COUPLING;

2. A permanent injunction restraining Defendants, any officers, directors, agents, employees, representatives, and all persons or entities acting in concert with Defendants from engaging in any further use of CONSCIOUS COUPLING or any other confusingly similar mark, as a trademark;

-10-

3. That pursuant to its powers under at least 15 U.S.C. § 1119, the Court order the United States Patent and Trademark Office to reject Defendants Desroches' and Greco's United States Trademark Application Serial No. 86/355,778 for CONSCIOUS COUPLING based, at least, on the Court's judgment that Plaintiffs have priority of use of CONSCIOUS UNCOUPLING, the similarity of the marks, the commercial relationship between the goods and services identified by the marks, and that the marks are similar and the goods and services are related such that consumers would mistakenly believe they come from the same source;

4. Recovery of any gains, profits and advantages Defendants may have received as a result of Defendants' unlawful actions;

5. All damages sustained by Plaintiffs as a result of Defendants' infringement and unlawful actions, which Plaintiffs allege exceeds $75,000;

6. Treble damages under the Lanham Act as a result of Defendants' willful infringement;

7. An award to Plaintiffs of their costs in this action, including its reasonable attorneys' fees under at least 15 U.S.C. § 1117, and any other applicable authority; and

8. Such other and further relief as the Court deems proper.

Dated: December 27, 2017

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By /s/G. Warren Bleeker
G. Warren Bleeker

Attorneys for Plaintiffs
KATHERINE WOODWARD THOMAS, LLC
and KATHERINE WOODWARD THOMAS

103115833_2

## JURY DEMAND

Plaintiffs Katherine Woodward Thomas, LLC and Katherine Woodward Thomas demand a jury trial on all issues for which a jury trial is permitted.

Dated: December 27, 2017

Respectfully submitted,

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By /s/G. Warren Bleeker
G. Warren Bleeker

Attorneys for Plaintiffs
KATHERINE WOODWARD THOMAS, LLC
and KATHERINE WOODWARD THOMAS

103115833_2